

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 8, 1950

Hon. W. E. Allen
County Attorney
Coleman County
Coleman, Texas

Opinion No. V-1018.

Re: The validity of H.B.
93, 51st Leg., rela-
tive to establishment
of juvenile courts, in
view of conflicts be-
tween the caption and
the body of the Act.

Dear Sir:

In your request for an opinion you ask:

Are the provisions in the caption of
H.B.93 of the Acts of the 51st Leg., 1949,
requiring the designation of the juvenile
court by the District Judges and the Coun-
ty Judge so contradictory to the provisions
in the Act itself requiring the designation
by the District Judges that such portion of
the Act is invalid?

Coleman County has no juvenile board,
but has two district courts, namely, the
35th and 119th District Courts, and there-
fore comes within the quoted portions of
this Act.

Section 4 of Senate Bill 44, Acts 48th Leg.,
1943, ch.204, p.313, provides in part as follows:

"Sec. 4. Establishment of Juvenile
Courts. There is hereby established as
follows in each county of the state a
court of record to be known as the Juve-
nile Court, having such jurisdiction as
may be necessary to carry out the provi-
sions of this Act.

"In counties having juvenile boards,
such boards may designate the County Court
or one or more of the District Courts to
be the Juvenile Court or Courts for such
county, and such designation may be changed

from time to time by such juvenile boards.
In all other counties the District Court or
the County Court shall be the Juvenile Court
as agreed between the judges of each respec-
tive courts, but until such time such County
Court and District Court shall have concur-
rent jurisdiction in cases of children com-
ing within the terms of this Act."

Section 4 of the above Act was amended by Se-
nate Bill No.63, Acts 49th Leg., R.S. 1945, ch.35, p.52,
which reads as follows:

"Sec. 4. Establishment of Juvenile
Courts. There is hereby established as fol-
lows, in each county of the state, a court of
record to be known as the Juvenile Court, hav-
ing such jurisdiction as may be necessary to
carry out the provisions of this Act.

"'In counties having juvenile boards,
such boards may designate the County Court
or one or more of the District Courts or
Criminal District Courts to be the Juvenile
Court or Courts for such county, and such
designation may be changed from time to time
by such juvenile boards. In all other coun-
ties the District Court or the County Court
shall be the Juvenile Court as agreed be-
tween the judges of such respective courts,
but until such time such County Court and
District Court shall have concurrent juris-
diction in cases of children coming within
the terms of this Act.

"'Said Criminal District Courts and the
judges thereof shall have the same jurisdic-
tion, powers, authority and duties as is now
or may be conferred upon District Courts in
regard to such children.

"'It is provided, however, that the
jurisdiction, powers and duties thus confer-
red and imposed upon the established courts
hereunder are super-added jurisdictions,
powers and duties, it being the intention
of the Legislature not to create hereby an-
other office. Appeals from judgments of

such Criminal District Courts shall be taken to the proper Court of Civil Appeals.'"

The pertinent portion of the caption and of the body of House Bill 93, Acts 51st Leg., R.S. 1949, ch.368, p.702, are as follows:

"An Act amending Section 4 of Senate Bill No. 44, Acts of the Forty-eighth Legislature, 1943, page 313, Chapter 204, by providing that . . . in all counties having two (2) or more district courts, but no juvenile board, the judges of the district courts and the county court of such counties shall designate one (1) of the district courts as the Juvenile Court for said county, . . . (Emphasis added throughout).

"Section 1. That Section 4 of Chapter 204, Acts of the Forty-eighth Legislature, 1943, be, and the same is hereby amended so as to hereafter read as follows:

"Section 4. There is hereby established as follows in each county of the State a court of record to be known as the Juvenile Court, having such jurisdictions as may be necessary to carry out the provisions of this Act.

"' . . . in all other counties having two (2) or more district courts, or one (1) or more district courts and one (1) or more criminal district courts, the judges of such courts shall designate one (1) of such district courts or criminal district courts as the Juvenile Court of such county. . .'"

Section 35 of Article III of the Texas Constitution provides as follows:

"No bill, (except general appropriation bills, which may embrace the various subject and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be

Hon. W. R. Allen, page 4 (V-1018)

> void only as to so much thereof, as shall
> not be so expressed."

As stated in the case of De Silvia v. State, 98 Tex.Crim. 634, 229 S.W. 542 (1921):

> "One object of the constitutional pro-
> vision mentioned is 'to fairly apprise the
> people, through such publication of legis-
> lative proceedings as is usually made, of
> the subjects of legislation that are being
> considered, in order that they may have op-
> portunity of being heard thereon, by peti-
> tion or otherwise, if they shall so desire.'
> Cooley's Const. Limitation (7th Ed.) p.205.

> "The courts, in construing the provi-
> sions in connection with legislative acts,
> have, throughout the history of the state,
> been liberal toward the validity of the act.
> Notwithstanding this practice, they recog-
> nized that the provision of the Constitu-
> tion is mandatory, and that, when viewing
> the act in the light of the liberal policy
> mentioned, if it cannot be fairly said that
> the caption is not misleading, the law or
> the part of the law which is variant from
> the title of the act must give way. . . ."

In the case of Landrum v. Centennial Rural High School District No. 2, 134 S.W.2d 353 (Tex.Civ.App. 1939, error dism., judgm. cor.) it is stated:

> "Since the title or caption of the
> 1937 Act declared that the legislature
> intended to amend Sec. 12 of the 1925 Act
> so as to prohibit special tax assessors,
> equalization boards, and tax collectors in
> certain counties, it cannot affect counties
> not included, and is invalid as not embrac-
> ing subject in its title, so far as the
> body of the Act changed the method of hold-
> ing school bond elections from the method
> prescribed in the 1927 act. No rule is
> better established than the one that where
> a title or caption of an act specifies the
> particular field of the amendment, and that
> it is to cover or state a particular pur-
> pose to make a change in a prior statute,

the amendment is limited to the making of
the specific change designated in its title,
and precludes any additional, contrary, or
different amendment than that stated in the
title."

Also in the case of Praetorians v. State, 184
S.W.2d 299 (Tex.Civ.App.1944, affirmed 143 Tex. 565, 186
S.W.2d 973, (1945), it is stated:

"The purposes and essential require-
ments of the caption or title of a legis-
lative act, in relation to the provisions
of the body of the act, have been frequent-
ly reviewed by the courts and are now well
settled. They are set forth in extenso in
39 Texas Jur., §§ 47 and 48, pp. 100-102.
A somewhat stricter rule of conformity of
the title to the subject matter legislated
upon in the body of the act is applied to
amendments than to titles of original acts."

In the case of Gulf Insurance Co. v. James,
143 Tex. 424, 185 S.W.2d 966 (1945), the late Chief Jus-
tice Alexander of the Supreme Court said:

"We recognize the well-established
rule that liberal construction will be in-
dulged in order to hold that the title of
an Act conforms to the requirements of the
Constitution. 39 Tex.Jur. 95. But the
provision of the Constitution requiring the
title to express the subject of the Act can-
not be entirely ignored. Cannon v. Hemphill,
7 Tex. 184, 208. The rule of liberal con-
struction will not be followed to the extent
that it will relieve the legislature of the
necessity of disclosing the real subject of
the Act in the title thereof, nor will it be
extended so as to hold Acts valid, the titles
of which are deceptive or misleading as to
the real contents of the Acts."

The caption of the Act in question provides
that under certain circumstances the district judges
and the county judge shall designate one of the dis-
trict courts as the juvenile court of the county. The
body of the Act provides that the district judges and
the criminal district judges shall designate one of

such courts as the juvenile court.

We think unquestionably that the caption is at variance with the body of the Act and is misleading. Therefore it is our opinion that the particular portion of the Act in question contravenes Section 35, Article III of the Texas Constitution and is void. You are further advised that in this particular respect the juvenile court of your county should continue to operate under the provisions of Senate Bill 63, Acts 49th Leg., R.S. 1945, ch.35, p.52.

It is expressly understood that we are only passing on the constitutionality of that part of the Act inquired about in your request.

## SUMMARY

Since that portion of the caption of House Bill 93, Acts of the 51st Legislature, 1949, which deals with the establishment of juvenile courts in counties having two (2) or more district courts but no juvenile board, is at variance with the body of the Act, it is unconstitutional, being in violation of Section 35, Article III of the Texas Constitution. Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945); Landrum v. Centennial Rural High School Dist. No. 2, 134 S.W.2d 353 (Tex.Civ.App.1939, error dism., judgm. cor.)

The juvenile court of Coleman County should continue to operate under the provisions of Senate Bill 63, Acts 49th Leg., R.S. 1945, ch.35, p.52.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

By *Bruce Allen*
Bruce Allen
Assistant

BA:mw